IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZENITH INSURANCE COMPANY,<br>**Plaintiff,**<br><br>v.<br><br>MARTIN P. NEWELL, JR. AND M.P.N., INC.,<br>**Defendants.** | CIVIL ACTION<br><br><br><br><br>NO.  20-3878 |

## MEMORANDUM OPINION

Jerry Mercer, Jr. and Jerry Mercer III sued Martin P. Newell and M.P.N. in the Pennsylvania Court of Common Pleas for heavy-metal-exposure injuries Mercer, Jr., allegedly sustained at M.P.N. ("the Mercer Action"). The Mercers alleged that M.P.N. falsified the results of Mercer, Jr.'s blood-test results; withheld a doctor's order that Mercer, Jr., stop working; and threatened to fire Mercer, Jr., if his blood-metal levels rose higher. This litigation is ongoing.

Shortly after M.P.N. learned it had been sued, it notified Defendant Zenith Insurance Company of the Mercer Action in order to obtain coverage for itself and Newell pursuant to insurance policies issued by Zenith. Zenith denied M.P.N.'s tender and informed M.P.N. of its positions that: (1) Newell was not insured under the policies; and, (2) any liability coverage for M.P.N. was barred by policy exclusions. Zenith then brought this action seeking a declaration that it does not have a duty to defend the Mercer Action neither does it have a duty to indemnify M.P.N. under the policies.

In ruling on Defendants Motion for Partial Summary Judgment, this Court issued an Opinion accompanied by an Order which stated: "Zenith has a duty to defend M.P.N., Inc. in connection with [the Mercer Action.]". Zenith appealed to the Third Circuit, citing as the

1

jurisdictional basis for its appeal 28 U.S.C. § 1292(a)(1) which permits appeals from nonfinal orders that grant injunctive relief.  Specifically, Zenith argued that because this Court ordered it to defend M.P.N., the Court's March 19, 2021, Order was reviewable.  The Third Circuit dismissed the appeal for lack of jurisdiction.  *Zenith Ins. Co. v. Newell*, 78 F.4th 603, 605 (3d Cir. 2023).  Specifically, if held that the order was not final and therefore not appealable under 28 U.S.C. § 1291.  *Id.* at 607.  Nor was it appealable under 28 U.S.C. § 1292(a)(1) because it did not have the practical effect of granting or denying injunctive relief.  *Id.*  In that this Court "announce[d] that Zenith has a 'duty to defend' under the policy it issued . . . but d[id] not direct Zenith to begin defending or to advance costs," the March 19, 2021 did not constitute an appealable injunction.  *Id.* at 608 (*citing American Motorists Ins. Co. v. Levolor Lorentzen, Inc.*, 879 F.2d 1165, 1173 (3d Cir. 1989)) (when a court defines an insurer's contractual obligations but does "not order it to undertake the defense" or "do anything," the court's order "cannot be enforced pendente lite by contempt and [does] not constitute an injunction.").

Zenith now seeks a partial judgment under Federal Rule of Civil Procedure 54(b) or, in the alternative, a certification such that it may file an immediate appeal to the Third Circuit pursuant to 28 U.S.C. § 1292(b).  For the reasons that follow, Zenith's Motion pursuant to Rule 54(b) will be granted.  Because the Court will grant Zenith's Rule 54(b) Motion it does not address Zenith's alternative argument under 28 U.S.C. § 1292(b).

### I. LEGAL STANDARD: ENTRY OF A RULE 54(b) JUDGMENT

Rule 54(b) permits a district court to enter a final judgment on an order that adjudicates only some of the claims if it determines "there is no just reason for delay."  Fed. R. Civ. P. 54(b). "Certification of a judgment as final under Rule 54(b) is the exception, not the rule, to the usual course of proceedings in a district court." *Elliott v. Archdiocese of New York*, 682 F.3d 213, 220

(3d Cir. 2012). The district court must first determine "whether there has been an ultimate disposition on a cognizable claim for relief as to a claim or party such that there is a final judgment." *Id.* (quotations omitted). If there is, then the court must "determine whether there is any just reason for delay, taking into account judicial administrative interests as well as the equities involved." *Id.* (quotations omitted). The "no-just-reason" requirement is "not merely formalistic": A district court may direct entry of a final judgment under the rule "*only if the court expressly determines* that there is no just reason for delay." *Id.*

## II. DISCUSSION

### A. There Has Been an Ultimate Disposition on a Cognizable Claim for Relief as to a Claim or Party.

Rule 54(b) "allows a judgment to be entered if it has the requisite degree of finality as to an individual claim in a multiclaim action." *Sussex Drug Prods. v. Kanasco, Ltd.*, 920 F.2d 1150, 1153 (3d Cir. 1990). The Rule "attempts to make a reasonable accommodation between that policy and those problems of the timing of review which have been accentuated by the liberalized joinder of claims, counterclaims, cross-claims and third-party claims in one law suit, as permitted and encouraged by the present Rules of Civil Procedure." *Panichella v. Pennsylvania R. Co.*, 252 F.2d 452, 454 (3d Cir. 1958).

As an initial matter, this is a multiclaim action. While it is sometimes difficult to determine whether an action involves multiple claims, *Sussex Drug Prods.*, 920 F.2d at 1153 (citing 10 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 2657, at 60-61 (2d ed. 1983) ("The line between deciding one of several claims and deciding only part of a single claim is sometimes very obscure.")), the Court was presented with two claims. The first concerned Zenith's duty to defend—which it resolved. It left unanswered, however, the second question as to whether Zenith had a duty to indemnify because liability had yet to be determined

in the Mercer Action.

But even if the proceedings had not in this instance split so neatly between Zenith's duty to defend and its duty to indemnify, "[u]nder Pennsylvania law, '[t]he duty to defend is a distinct obligation, separate and apart from the insurer's duty to provide coverage.'" *N. Ins. Co. of New York v. Aardvark Assocs., Inc.*, 942 F.2d 189, 195 (3d Cir. 1991) (citing *Erie Ins. Exchange v. Transamerica Ins.*, 533 A.2d 1363, 1368 (Pa. 1987)). And, as Zenith notes, the inquiries into duty to defend and duty to indemnify must proceed separately and sequentially: "A finding that the duty to defend is not present will preclude a duty to indemnify." *Nationwide Mut. Ins. Co. v. CPB Int'l, Inc.*, 562 F.3d 591, 596 (3d Cir. 2009).

With respect to the question of Zenith's duty to defend, the Court's March 19, 2021, Order leaves no doubt as to the Court's determination regarding Zenith's duty to defend M.P.N. in the Mercer Action: "Zenith has a duty to defend M.P.N., Inc. in connection with the underlying action *Mercer v. Newell, et al.*, June Term 2019, No. 7041, filed in the Philadelphia Court of Common Pleas." The Third Circuit considers duty-to-defend determinations as final for purposes of Rule 54(b) when they resolve all related questions. *Am. Motorists Ins. Co.*, 879 F.2d at 1170 ("[I]f, at a preliminary stage in a proceeding at which, as here, both the duty to defend and the duty to indemnify are in dispute, there is a resolution of all issues relating to the duty to defend, we will assume that the resultant order may be certified as final under Fed. R. Civ. P. 54(b)."); *see also AC&S, Inc. v. Aetna Cas. & Sur. Co.*, 764 F.2d 968 (3d Cir. 1985) (treating as final and appealable a district court duty-to-defend judgment pursuant to Rule 54(b)).

### B. There Is No Just Reason for Delay.

In considering whether there is a just reason for delay of an appeal of a decided claim in a multi-claim lawsuit, the factors to consider are: (1) the relationship between the adjudicated and

unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; and, (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 203 (3d Cir. 2006).

Zenith argues that there is no just reason for delay because a decision on appeal of the Court's duty-to-defend ruling could resolve the duty-to-indemnify question. (As explained above, without a duty to defend, there can be no duty to indemnify.) Such a resolution, as Zenith notes, would likely also dispose of M.P.N.'s counterclaims for breach of contract (because if it had no duty to defend or indemnify, it did not breach its contract with M.P.N. by refusing to defend or indemnify) and statutory bad faith (because if Zenith was not required to defend M.P.N. it could not have acted in bad faith by refusing to defend M.P.N.). M.P.N. argues that entering a Rule 54(b) order regarding Zenith's duty to defend would encourage "piecemeal appellate review" of the sort that concerned the district court in *Glaziers & Glassworkers Union Loc. 252 Annuity Fund v. Newbridge Sec., Inc.*, 823 F. Supp. 1188, 1190 (E.D. Pa. 1993). But in that case, the plaintiffs had sought to consolidate separate actions filed against multiple defendants. The court was concerned that the plaintiffs asked it "to conclude at one time that the claims against the various defendants involved in this action all involve common questions of law and fact and then, later on, request that [it] find the claims against certain defendants to be so separate and distinct as to justify our certification of an interlocutory appeal." *Id.* at 1191.

Here, though, the adjudicated issue is entirely separate from the unadjudicated claims.

(Zenith's duty to defend is independent from—and yet, if overturned on appeal, would likely entirely resolve—the remaining coverage questions.)  Quite separately, there is no need to tether the resolved duty-to-defend question to the duty-to-indemnify question, which must await the resolution of the Mercer Action.  What is more, further district court proceedings prior to an appeal will not moot, or even alter, the determination regarding Zenith's duty to defend.  As explained above, the Opinion issued on Zenith's motion for partial summary judgment unequivocally held that Zenith had a duty to defend.  Here, regardless of whether Zenith ultimately must indemnify M.P.N. in the Mercer action, its duty to defend M.P.N. will either remain undisturbed (if Zenith loses on appeal) or fall away (if Zenith wins).

   As to any possible set-offs, Zenith argues that no possible set-off weakens the argument for entry of a Rule 54(b) order.  M.P.N. does not respond to this point, but Zenith is correct.  The Court has already held that Zenith owes M.P.N. the costs of defense, and that holding will be affirmed or overturned on appeal.  Depending on the outcome of the Mercer Action, Zenith may also owe indemnification.  If M.P.N. wins on its breach-of-contract or bad-faith counterclaims, then Zenith will owe M.P.N. even more.  If M.P.N. loses on its counterclaims, no set-off would be produced; Zenith would simply not owe any additional sum.  And if Zenith were to win its duty-to-defend appeal, then, as noted above, it would not owe anything for defense or indemnification (or, likely, for either of M.P.N.'s counterclaims).  In any case, no set-offs would result.

   Last, as to any miscellaneous factors, Zenith argues that it carries some risk in the absence of a Rule 54(b) order in that in Pennsylvania "an insurer may not recover defense costs paid while defending the insured under reservation of rights:"

> The court's role in the declaratory judgment [insurance-coverage] action is to resolve the question of coverage to eliminate uncertainty.  If the insurer is successful

in the declaratory judgment action, it is relieved of the continuing obligation to defend. The court's resolution of the question of coverage does not, however, retroactively eliminate the insurer's duty to defend the insured during the period of uncertainty.

*Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*, 2 A.3d 526, 542 (Pa. Super. 2010).

Accordingly, even if Zenith won the duty-to-defend question on appeal, it could be compelled to pay the cost of defense incurred during the interceding period.[1]

### C. Zenith's Duty to Defend Entails Its Duty to Reimburse for Defense Already Undertaken.

Under Pennsylvania law, "[w]hen an insurer erroneously denies its duty to defend, fulfillment of the duty requires the insurer to pay for any defense costs already incurred," beginning at "the time 'the duty to defend arose.'" *Kiewit E. Co. v. L & R Const. Co.*, 44 F.3d 1194, 1205 (3d Cir. 1995). A duty to defend arises when "the complaint filed by the injured party may potentially come within the policy's coverage, and it "is determined solely by the allegations of the complaint in the action" and "remains with the insurer until the insurer can confine the claim to a recovery that is not within the scope of the policy." *Id.* Zenith represents that it has paid these past defense costs and is continuing to pay ongoing defense costs (without prejudice to its right to recoup them later if Zenith wins on appeal). Accordingly, Zenith will be ordered to defend M.P.N. in the Mercer Action and also to reimburse M.P.N. for the defense costs it has already incurred (to the extent any are outstanding and have not already been paid by Zenith).

---

[1] The Court makes no judgment here as to whether Zenith could indeed be compelled to defend during the "period of uncertainty" (or what time range, if any, would constitute such a period). But, to the extent that Zenith carries any uncertainty-period-related risk, that risk only increases as time passes, and that risk further supports entry of a Rule 54(b) order.

Zenith also correctly notes that the low cost of pursuing an appeal the merits of which the parties have already fully briefed creates little prejudice for either party.

### III. CONCLUSION

For the reasons set forth above, a Partial Judgment under Rule 54(b) consistent with the Court's March 19 Order regarding Zenith's duty to defend will be entered.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

**WENDY BEETLESTONE, J.**